By the Court.—Freedman, J.
This action is brought upon an account alleged to have been stated between Derleth Brothers, plaintiff’s assignors, and the defendants, on November 28, 1874.
Prior to that time, Derleth Brothers had had numer *425 .ous dealings with, the defendants. For years they had made for, and sold to the defendants, furniture, and office and store fixtures, and the course of dealing had been as follows:
When they delivered goods, they sent a bill, and when the correctness of the bill was ascertained, the defendant’s bookkeeper entered the amount of it in a certain pass-book, kept between the parties, to the credit of Derleth Brothers. As payments were made to the latter, they were also entered in the said passbook. From time to time, the account kept in this manner was balanced.
There was only one transaction out of the ordinary course of dealings, and that rested upon a separate and distinct agreement. It constituted a sort of joint adventure between Derleth Brothers and the defendants, to fit up a certain saloon for one John H. McKinley, who was to pay a certain proportion in cash, and the balance in notes, to be secured by a chattel mortgage. It was agreed between Derleth Brothers and the defendants, that the work should be proportioned between them, but that all bills should be rendered to McKinley in the name of the defendants, and that Derleth Brothers would take their proportion of the cash and of the notes, when received by defendants from McKinley, and moreover, to take the notes without recourse. Under this special agreement, Derleth Brothers furnished about §3,000 worth of goods. By arrangement between the parties to this agreement, and as a matter of convenience, these goods were placed to the credit of Derleth Brothers in the said pass-book, but distinguished from the other goods by being marked “McKinley,” and in the bills rendered by Derleth Brothers to the defendants, they were distinguished in like manner. But although thus kept distinguished, the amount of said goods was carried forward in the account as it ran along, and as *426 from time to time it was balanced in the pass-book. It is the last balance thus appearing in the pass-book, that the plaintiff, as assignee of Derleth Brothers, seeks to recover in this action.
The evidence is undisputed that the amount thus sued for constitutes a balance due from McKinley on account of the goods furnished by Derleth Brothers. McKinley, after having made some payments in cash, of which Derleth Brothers received their share, refused to give notes pursuant to his contract. Indeed, he defrauded both the defendants and Derleth Brothers. All other claims which ever existed between the defendants and Derleth Brothers have been adjusted and settled up.
Upon this state of facts I fail to see how the plaintiff can maintain the action in the form in which he brought it. All the essential elements of an account stated seem to be wanting. To make an account stated there must be a mutual agreement, a meeting of minds between the parties to it, as to the allowance or disallowance of their respective claims, and there must be proof of assent to the account as rendered and to the balance appearing to be due (Stenton v. Jerome, 54 N. Y. 480 ; Lockwood v. Thorne, 18 Id. 285).
The defendants never agreed to pay Derleth Brothers cash for the McKinley goods, nor is there any proof that they ever in any way acknowledged a liability on their part to pay for them in some way as for goods sold and delivered to themselves. On the contrary, as to the goods in dispute Derleth Brothers •were to run a certain risk. The balance shown by the pass-book, therefore, is not a balance for which the defendants are directly liable, and no such liability can be created in this case by a mere legal fiction.
Whatever, therefore, the precise rights of Derleth Brothers under the special contract may be, and it is .not necessary to determine them here, they cannot be *427 enforced in this form of action. If the defendants have,been guilty of a breach of the special contract on their part, or of fraud, misconduct or negligence in the performance thereof, whereby the rights of Derleth Brothers were prejudiced, they may be held to answer in an action founded upon such breach or offense. But in any event the plaintiff is bound to allege his true cause of action. Not having done this, and having failed to prove the one alleged, the complaint was properly dismissed. It was not a variance, but a failure of proof (Code, § 171; Code of Civ. Pro. § 541; Bernard v. Seligman, 54 N. Y. 661; Barnes v. Quigley, 59 Id. 265).
The judgment should be affirmed with costs.
Sedgwick, J., concurred.